IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY L. STEVENS,<br><br>    Plaintiff,<br><br>  v.<br><br>ORGANON USA INC., ORGANON PHARMACEUTICAL USA INC., ORGANON INTERNATIONAL INC., ORGANON BIOSCIENCES NV, AKZO NOBEL NV, SCHERING PLOUGH CORPORATION, MERCK & COMPANY, INC., MCKESSON CORPORATION and DOES 1 - 100,<br><br>    Defendants.<br>_____ / | No. C 13-05713 WHA<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING MOTION TO REMAND AND VACATING HEARING** |

In this pharmaceutical products-liability action, defendants move to stay all proceedings pending potential transfer to an MDL and plaintiff moves to remand back to state court. For the reasons stated below, defendants' motion to stay is **GRANTED** and plaintiff's motion to remand is **DENIED**. The hearing on January 23, 2014 is hereby **VACATED**.

Plaintiff filed a complaint on December 2013 in the San Francisco County Superior Court for allegedly suffering severe and life threatening injuries from use of NuvaRing®, an implant contraceptive. Among other out-of-state defendants, plaintiff sued McKesson Corporation, a California-based pharmaceutical distributor. Following removal on the basis of fraudulent joinder grounds, defendants filed the instant motion to stay all proceedings in this action pending conditional transfer to the NuvaRing® MDL in the United States District Court for the Eastern

District of Missouri.  In response, plaintiff filed a motion to remand, but failed to file a timely opposition to defendants' motion to stay.

Our court of appeals has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings.  "Courts in the Northern District[, however] . . . have made clear that courts are not bound to preliminarily consider the merits of a remand motion before considering a motion to stay."  *Addison v. Bristol-Myers Squibb Co.*, No. 13-2166, 2013 U.S. Dist. LEXIS 87688, at *3 (N.D. Cal. June 21, 2013) (citations omitted).

Judges in this district, including the undersigned judge, have stayed proceedings in identical NuvaRing® actions pending a potential transfer to the MDL.  *Buyak v. Organon, et al.*, No. 13-03128, 2013 U.S. Dist. LEXIS 115057, at *4 (N.D. Cal. Aug. 14, 2013); *Gonzalez, et al., v. Organon, et al.*, No. 12-06161, 2013 U.S. Dist. LEXIS 24686, at *3 (N.D. Cal. Feb. 22, 2013) (Judge Phyllis J. Hamilton)*; Asche v. Organon, et al.*, No. 13-04986, 2013 U.S. Dist. LEXIS 170497, at *3 (N.D. Cal. Dec. 3, 2013) (Judge Claudia Wilken); *Garza v. Organon, et al.*, No. 13-04988, 2013 U.S. Dist. LEXIS 172904, at *6 (N.D. Cal. Dec. 9, 2013) (Judge Richard Seeborg); *Tucker v. Organon, et al.*, No. 13-728, 2013 U.S. Dist. LEXIS 72793, *5 (N.D. Cal. May 22, 2013) (Judge Sandra Armstrong).  The defendants in all of these actions all raise the issue of fraudulent joinder.  This jurisdictional issue will likely be raised in every other action involving McKesson at the MDL.  For judicial efficiency and consistency, that issue should be decided by the MDL.

Plaintiff's reliance on *Marble v. Organon USA Inc.*, is misplaced.  The *Marble* action was remanded because "this is the first time . . . that any NuvaRing® plaintiffs have joined McKesson or any other distributor as a defendant in NuvaRing® litigation," thus "there is no economy in sending this action to MDL for resolution."  *Marble v. Organon USA Inc.*, No. 12-02212, 2012 U.S. Dist. LEXIS 83520, at *8–10 (N.D. Cal. June 15, 2012).  Not so today.  As shown above, several judges in this district alone have stayed identical actions pending conditional transfer to the MDL because they all raise the same fraudulent joinder issue.

For the reasons stated above, defendants' motion to stay the action pending transfer to the MDL is **GRANTED** and plaintiff's motion to remand is **DENIED**. The hearing on January 23, 2014 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 13, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE